UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-60975-CIV-BLOOM

HSBC USA, NATIONAL ASSOCIATION, *et al.*,

    Plaintiff,
vs.

ARMINDO ALVES, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court upon a review of Defendant's "Notice of Removal" ("Notice") ECF No. [1], filed on May 4, 2016.

A "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912–13 (11th Cir. 2006) (footnote call numbers and citations omitted). This is because federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

The Notice appears to state federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332 on the basis of the parties' diversity of citizenship. *See* Notice 2–3. Defendant alleges that "Plaintiff, is not, and was never a citizen/resident of the State of Florida, while [D]efendant is clearly a citizen and resident of the State of Florida." *See id.* 3.

However, to establish jurisdiction through diversity of citizenship, a person is a citizen, or domiciliary, of a state if that person: (1) is physically present in that state; and (2) has the intent to reside there permanently. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002); *McDonald v. Equitable Life Ins. Co. of Iowa*, 13 F. Supp. 2d 1279, 1280–81 (M.D. Ala. 1998). Pleading residency is not the equivalent of pleading domicile. *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341 (11th Cir. 2011) ("Domicile is not synonymous with residence . . . ."); *Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th Cir. 1971) ("Standing alone, an allegation that a party is a resident of a certain state is not a sufficient allegation of his citizenship in that state." (citations omitted)).

Defendant does not set forth any allegation or factual claim regarding her co-Defendants' domicile or that of Plaintiff, a corporate bank. To confer jurisdiction on the Court, 28 U.S.C. § 1332 requires that all plaintiffs be citizens of different states from all defendants. *See Willis v. Westin Hotel Co.*, 651 F. Supp. 598, 601 (S.D.N.Y. 1986). A corporation is a citizen of the state in which it is incorporated and the state in which its principal place of business, or "nerve center," is located. *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Plaintiff, HSBC USA, National Association, a corporation, therefore potentially has more than one state of citizenship. Defendant has not alleged any state of citizenship for Plaintiff (or her co-Defendant).

The Notice fails to properly allege the parties' complete diversity of citizenship. Nor has Defendant demonstrated that removal was timely under 28 U.S.C. § 1446(b), meaning that the Notice was filed within 30 days from Defendant's receipt of the document from which Defendant could ascertain that the case is or has become removable, and not later than 1 year after commencement of the case if jurisdiction is based on diversity.

CASE No. 16-60975-CIV-BLOOM

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant shall file an amended notice satisfying her burden of showing the existence of subject matter jurisdiction as well as timeliness of removal on or before **May 12, 2016**. The failure to do so will result in this case being remanded to the court from which it was removed.

**DONE AND ORDERED** in Miami, Florida, this 5th day of May, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record