# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 16-60975-Civ-BB

HSBC USA, NATIONAL
ASSOCIATION, ETC
     Plaintiff,



vs.

SANDRA E. CASTILLO
Aka Sandra E. Alves
     Defendant,        /

## MOTION TO VACATE REMAND ORDER

On or about May 4, 2016, I filed a Notice of Removal (hereinafter the "Notice"), ECF No. [1].

Thereafter, on May 6, 2016, this Court entered an Order instructing me to file an amended notice satisfying my burden of showing the existence of subject matter jurisdiction. The May 6, 2016 Order also instructed me to address the "timeliness" of removal and to do so on or before May 12, 2016. Furthermore, it appears that the May 6, 2016 Order advised me that if I failed to comply with the order's May 12, 2016 deadline, then such failure would result in this case being "remanded to the court from which it was removed"

I failed to comply with this Court's May 6, 2016 Order because I was in the process of moving and I did not have regular access to the mail , I never received a copy of the May 6, 2016 Order instructing me to comply with it by May 12, 2016 on time.

As a result of me not receiving the May 6, 2016 Order timely, on May 17, 2016, this court issued an Order remanding the above-styled case to the state court.

It appears that this Court's May 6, 2016 Order and its May 17, 2016 Order remanding the case to state court based, partially, if not wholly, on a perceived "procedural defect" of un-timeliness.

## Memorandum of Law

**SCANNED**

1

I, the Defendant acknowledge that Section 1447(d) of Title 28 provides that "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise...." Moreover, Section 1447(c) of Title 28 authorizes remand only for a procedural defect in the removal process, which provides in relevant part:

> *A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.... If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c).*

Notably, our Supreme Court has held that sections 1447(c) and (d) must be construed together. *See Thermtron Prods., Inc. v. Hermansdorfer,* 423 U.S. 336, 345-46, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), *abrogated on other grounds in Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). "This means that only remand orders issued under § 1447(c) and invoking the grounds specified therein that removal was improvident and without jurisdiction are immune from review under § 1447(d)." *Id.* at 346, 96 S.Ct. 584. Moreover, the 11th Circuit has interpreted the statutory language to mean that:

> [A] remand order is reviewable if and only if it is openly based on grounds other than (1) lack of district court subject matter jurisdiction; or (2) a *motion* to remand the case filed within 30 days of the notice of removal which is based upon a defect in the removal procedure. *In re: Bethesda Mem'l Hosp., Inc.,* 123 F.3d 1407, 1409 (11th Cir.1997) (emphasis added).

Here, it appears that this Honorable court *sua sponte* remanded the case to the state court *partially* because of a procedural defect. Yes it is true, that the statutory language makes it clear that our 11th Circuit Court of Appeals would not have the required jurisdiction to review the remand order if the plaintiff, HSBC had made a motion to remand the case. Here, however, this Honorable court entered the remand order *sua sponte.*

Pursuant to Bethesda, § 1447(c) does not authorize *any sua sponte* remand order not based solely on subject matter jurisdiction - even if made within the thirty day period. Therefore, I am respectfully request that this court vacate its May 17, 2016 order remanding this case back to the state court.

The Fifth Circuit was the first court of appeals to confront whether the current version of § 1447(c) authorized *sua sponte* remand orders within the thirty-day limit. Beginning with the statutory language, the majority noted that "the phrase, '[a] motion to remand the case ... must be made,' implies that only a party to the case may initiate it." *Allstate Ins. Co.*, 8 F.3d at 223 (alteration in original). The court interpreted § 1447(c) to "assign [ ] to the court concern for its jurisdictional prerequisites ...." and to "consign[ ] procedural formalities to the care of the parties." *Id.*

In *Continental Casualty Co.*, the Seventh Circuit agreed with the result in *Allstate* that a party's motion is essential to remand a case based on a procedural defect within the thirty-day limit. *See Continental Casualty Co.*, 29 F.3d at 294. Judge Easterbrook, writing for the panel, observed that plaintiffs may decide to waive objections to removal based on procedural defect. *See id.* Thus, "[a] remand on the court's own motion may deprive *both* sides of their preferred forum." *Id.* The court also noted that *sua sponte* remand orders "increase the risk of error-both legal error and error in understanding the parties' desires." *Id.* at 295.   The court concluded that to avoid extending a dispute, a district court should wait for a motion for remand, as "the plaintiff may forgive the procedural defect and accept the defendant's preference for a federal forum." *Id.* Six years later, the Third Circuit adopted the Seventh Circuit's *Continental Casualty Co.* reasoning in *FMC Corp. See FMC Corp.*, 208 F.3d at 451.

**WHEREFORE**, Defendant moves this Court for an order vacating the May 17, 2016 order remanding this case to the Circuit Court for the Seventeenth Judicial Circuit Court and for any further relief this court deems proper.

Respectfully submitted,

/s/   *Sandra E. Castillo*   7/15/16

*aka Sandra E. Alves*

Sandra E. Castillo, *pro se*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that I served a copy of the foregoing by U.S. Mail on this 14th day of July, 2016 to Plaintiff's attorney at:

**Echevarria & Associates**

9119 Corporate Lake Drive

Suite 300 P.O. Box 25018

Tampa, Florida 33622-5018


Respectfully submitted,

_____  /s/   *Sandra E. Castillo*

 *aka Sandra E. Alves*

Sandra E. Castillo, *pro se*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 16-60975-Civ-BB

| | | |
|---|---|---|
| SANDRA E. CASTILLO | | |
| Aka Sandra E. Alves ) | | |
| Claimant, | ) | |
| | ) | **COMPLAINT FOR** |
| vs. | ) | **A CIVIL CASE** |
| | ) | |
| HSBC USA, NATIONAL | ) | **JURY TRIAL DEMAND** |
| ASSOCIATION, ETC. | ) | |
| Defendant(s) | ) | |

## CIVIL CLAIM

The Claimant, Sandra E. Castillo, acting as Pro Se, makes this claim against HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR OPTEUM MORTGAGE ACCEPTANCE CORPORATION ASSET BACKED, PASS THROUGH CERTIFICATES, SERIES 2005-3 (the "Defendant") under 42 U.S. Code 1983 - Civil action for deprivation of rights and states as follows:

### Jurisdiction Venue and Parties:

1. This Court has jurisdiction over the parties and subject matter herein, because the subject property is located in the State of Florida.

2. This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. secs. §§ 1331 and 1337.

3. This Court also has jurisdiction over the claims under 28 U.S. Code 1443.

4. Venue is proper under 28 U.S.C sec § 1391(b)(2); sec. § 1391(c), as the Plaintiff's property and the property secured by the alleged Note and Mortgage at issue, is located at 17448 SW 28TH Court, Miramar, FL 33029 also known as LOT C38, SILVER LAKES PHASE III REPLAT, ACCORDING TO THE PLAT THEROF, AS RECORDED IN PLAT BOOK 159, PAGE 38, OF THE PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA with Parcel Identification Number 5140 30 09 3650

1

(hereinafter the "Property'"), which is within this District. Further, the Defendant conducted business within this District, and the acts and transactions that constitute the violations of law occurred in this District.

5.   Claimant, Sandra E. Castillo is a private citizen of Florida and principle address is 17448 SW 28TH Court, Miramar, FL 33029.

6.   The Defendant, HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR OPTEUM MORTGAGE ACCEPTANCE CORPORATION ASSET BACKED, PASS THROUGH CERTIFICATES, SERIES 2005-3, is a fictitious Defendant the true names and capacities whether individual, corporate, associate or otherwise, are unknown to Plaintiff at this time. Plaintiff therefore makes this claim against said Defendant by such fictitious names and will ask for leave of this Court to amend this Claim should and as their true names are ascertained.

7.   It appears that the Defendant, HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR OPTEUM MORTGAGE ACCEPTANCE CORPORATION ASSET BACKED, PASS THROUGH CERTIFICATES, SERIES 2005-3, is and was at all times material to, a banking financial institution, mortgage company, and/or loan service provider, which maybe incorporated in the State of New York with its principal place of business is or was One HSBC Center, Buffalo, NY 14203.

8.   The Defendant, HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR OPTEUM MORTGAGE ACCEPTANCE CORPORATION ASSET BACKED, PASS THROUGH CERTIFICATES, SERIES 2005-3., has caused events to occur in the State of Florida, which events are the subject matter out of which the claims alleged in this Claim arise.

9.   That venue and jurisdiction is proper in this the UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA, LAUDERDALE DIVISION, for the State of Florida.

## II.   Pro se Pleading

10.  Claimant comes before this Honorable Court in the instant cause as a Pro Se litigant. Claimant relied on *Hall v Bellmon*, 935 F. 1106, 1110 (10th Cir. 1991) where the Court stated that: ***"A Pro Se litigant's pleading are construed liberally and to a less stringent standard formal pleading drafted by lawyers...."*** If a Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should so despite the Plaintiffs failure to site proper legal authority, his confusion of various legal theories, her poor syntax and sentence construction or her unfamiliarity with pleading requirement (Citation Omitted). See also *Riley v. Greene* 149 F. Supp. 2d 1256 (D. Colo. 2001).

## III.   Argument

12.  Claimant, hereby reserves ALL RIGHTS, including without limitations, the Right to join any and all other and/or new parties that Plaintiff may discover at any time during the proceeding.

13.  The State Court lacked subject matter jurisdiction to proceed with the foreclosure matter in the 17th Judicial Circuit Court in and for Broward County due to Defendant and its attorney's misrepresentation of the truth. The jurisdictional question can be raised at any time, in any court, and can never be time-barred. *Declaire v. Yohanan*, 453 So. 2d 375 (Fla. 1984).

14.  Claimant asserts that the Defendant filed an illegal foreclosure on January 25, 2008 alleging that the Claimant and her husband at the time, defaulted on the $292,000.00 security instrument that said Defendant asserted that they are the Holder in Due Course/Lender in order to enforce the security instrument.

15.  Defendant circumvented jurisdiction requirements by filing their foreclosure complaint in the 17th Judicial Circuit Court in and for Broward County, thus falsely claiming Defendant met the court's requisite elements of jurisdiction, primarily that the Court has jurisdiction over the issues in the foreclosure matter having case # 2008 CA 003379 (CE) which ultimately denied Claimant of his Due-process-of Law -litights.

## IV.   Factual Background

16. Claimant signed a $292,000.00 federal backed mortgage security instrument on the behalf of SouthStar Funding, LLC, on the 2nd day of March, 2005 **(See Exhibit "A" Mortgage Loan Documents)**.

17. On January 25, 2008, Defendant filed a complaint against the Plaintiff and her husband in the 17th Judicial Circuit Court in and for Broward County with Case No. 2008 CA 003379 (CE) claiming that Claimant owed them over $75,000.00 **(See Exhibit "B" Foreclosure Complaint).**

**V.      Relevant Facts**

18. Defendant filed their foreclosure complaint in the state court of the 17th Judicial Circuit Court in and for Broward County alleging a debt of over $75,000.00 is owed to them. **(See Exhibit "B")**

19. **28 U.S.C. § 1332 (b) Diversity of Citizenship states "Only federal courts have jurisdiction over a case of a civil nature in which parties are residents of different states and the amount in question exceeds the amount set be federal law ($75,000) ..."**

20. On the face of the Defendant's complaint **(See Exhibit B)** proves that this District Court has exclusive jurisdiction over this matter as the documented evidence proves that Defendant's complaint is in excess of $75,000.00 and that Defendant is not, and was never a citizen/resident of the State of Florida, while Claimant is clearly a citizen and resident of the State of Florida, which constitute Diversity of Citizenship.

21. Claimant quotes "The Judicial power of the United States shall not be construed to extend to any suit in law or Equity, commenced, or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of Foreign State." (11th Amendment of the United States Constitution).

22. Defendant therefore acted without authority or court permission after it filed and prosecuted a foreclosure case in a Florida State Court knowing that the State court lacked subject-matter jurisdiction and thus denying Claimant of her Due-process-of-Law-Rights.

## COUNT 1

### Misrepresentation

*(State Court Lacked Subject Matter Jurisdiction)*

23.  Defendant initiated and conducted a foreclosure procedure in the state court of the 17th Judicial Circuit Court in and for Broward County Florida.

24.  Defendant acted without authority or court permission and prosecuted a foreclosure case in a Florida State Court knowing that the State court lacked subject-matter jurisdiction thus violating 28 U.S.C. § 1332.

25.  As mentioned above in paragraph 7, Defendant is a Texas registered company and was required, specifically under section § 607.1502(1) of the Florida Statutes, to file with the Florida Department of State and hold a Certificate of Authority to transact business in Florida as a foreign corporation.

26.  There were no facts or evidence provided to the State Court or to the Claimant at anytime, before or after filing their foreclosure compliant, that Defendant complied with sections §§ 607.1501, 607.1506, 607.1506, and § 607.0505 of the Florida Statutes by obtaining a Certificate of Authority by registering with the State of Florida.

27.  Florida Statutes provides that a foreign corporation may not maintain a law suit in a Florida court unless and until it holds a Certificate of Authority.  Section § 607.150241) and § 607.1501(1), (2) (a), (g) and (h).

28.  Section § 607.1502(1), Florida Statutes states: "A foreign corporation transacting business in this state without a certificate of authority **may not** maintain a proceeding in any court in this state until it obtains a certificate of authority." The Florida Business Corporation Act (Chapter § 607, Florida Statutes) is based on the Model Business Corporation Act ("MBCA'"). Section § 607.1501(1), Florida Statutes, is based on section 15.01(a) of the MBCA.  Section 15.01(a) of the MBCA has been enacted in all 50 states.  "All jurisdictions expressly provide that a foreign corporation may not commence or maintain a suit in any court of that jurisdiction until it has obtained a certificate of authority." Model Business Corporation Act Annotated (4th Edition) at pgs. 1538 to 15-40.

29.  The requirement that foreign corporations hold a Certificate of Authority in order to transact business in Florida is a law of fundamental organic importance.

5

Corporations derive their existence and powers from the special or general acts of state and federal legislatures. Corporations do not possess any inherent rights, privileges, and immunities, as do individual persons.

30.   Defendant also failed to meet the requirements of Florida Statutes Section § 608.4511(7) which provides:

> *Any limited liability company failing to file an annual report which*
> *complies with the requirements of this section* **_shall not be_**
> *permitted to prosecute, maintain, or defend any action in any court*
> *of this state until such report is filed and all fees, penalties, and*
> *taxes due under this chapter are paid....*

The language of the statute suggests that any failure to comply simply prevents a plaintiff from prosecuting the action. *Industrial Nat. Mortg. Co. v. Blake*, 406 So. 2d 103, 104 (Fla. 3d DCA 1981). The State Court failed to govern itself to see if it had jurisdiction. Defendant's foreclosure action is therefore without authority and the Final Summary Judgment granted in their favor is a void judgment because the State Court had no subject matter jurisdiction over the claim in the instant matter.

31.   **ONLY** federal courts have jurisdiction in cases involving Diversity of Citizenship and a claim over $75,000, as stated in **28 U.S.C. § 1332 (b) Diversity of Citizenship-** and not state courts, therefore, the Final judgment of foreclosure is moot according to *Fontenot v. State*, 932 S.W. 2d 185 **"Judicial action without jurisdiction is void"**. The Federal law is applicable to all states, the U.S. Supreme Court stated that "if a court is without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void, and form no bar to recovery sought, even prior to a reversal in opposition to them. They constitute no justification and all persons concerned in executing such judgment or sentences are concerned, in law as trespassers" *Brook v. Yawkey*, 200 F. 2d 633,. *Elliot v. Piersol, 1 Pet.* 328, 340, 26 US. 328, 340 (1828). As per Law of Voids in the United States:   Before a Court (Judge) can proceed jurisdictionally, jurisdiction must be complete.   If a jurisdictional failing appears on the face of the record, the **matter is void, subject to vacation with damages, and can never be time-barred.**

32.  Where financial institutions such as the Defendant have initiated foreclosure procedures and the like in state courts, the case must be vacated and dismissed with prejudice for lack of Subject Matter jurisdiction.  They are subject to all Federal statutory and regulatory mandates and prohibitions, including mandates for Privacy Act and Paperwork Reduction Act disclosure. *Brook v. Yawkey*, 200 F. 2d 633, *Elliot v. Piersol, 1 Pet.* 328, 340, 26 US. 328, 340 (1828).

33.  A court such as the 17th Judicial Circuit Court in and for Broward County, "cannot confer jurisdiction where none existed and cannot make a void Proceeding valid. *"People ex rel. Gowdy v Baltimore & Ohio R.R. Co.*, 385 111. 86, 92, 52 N.E.2d 255 (1943).  The foreclosure action is null and void due to the fact that the Defendants misrepresented themselves before the State Court and as such the 17th Judicial Circuit Court did not have subject matter jurisdiction over the foreclosure matter.

## COUNT II

### Violation of Due-Process-of-Law Rights

34.  The Claimant avers all of the allegations in Paragraphs 1 through 33 above, and incorporates them by reference as though fully restated in this Count.

35.  Claimant asserts that the language within the Defendant's foreclosure com plaint pleadings meets the criteria of Civil Rights violations by the Defendant and the State Court.

36.  Claimant alleges that the abuses now ram pant in and approved as a matter of local custom, practice, and policy having the force of law in the Florida State Courts, permitting foreclosure suits by legal (artificial) persons or com orate entities who presented papers clearly indicating their own lack of standing to sue in that Court constitutes an impairment of the Claimant, Sandra E. Castillo's  rights secured by 42 U.S.C. §  j1981 under color of State Law, even though the letter of Florida State Law is totally to the contrary.

37.  **28 U.S. Code 1443 "Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of**

citizens of the United States, or of all persons within the jurisdiction thereof; (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."

38.    The Defendant and the State Court violated the Claimant's 5th and 11th amendment of the United States Constitution rights. - Due process of law Rights.  Civil Rights  Intervention in the Nationwide Mortgage Foreclosure Crisis, is to insure equal application of the laws and equal protection under the laws to all people, and is the appropriate role of the Courts, and hence an appropriate exercise of the equitable and injunctive powers recognized by the Supreme Court.

39.    For the Courts to permit some foreclosures w here there is no proof of standing and not others, for the Courts merely by arbitrary election the rights of some citizens to the full protection of their rights to make and enforce or void contracts according to law, constitutes an arbitrary and capricious, irrational, and  purposeless (and hence destructive) denial of substantive and procedural due process of law.

40.    The Claimant restates, "The Judicial power of the United States shall not be construed to extend to any suit in law or Equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens of another State, or by Citizens or Subjects of any Foreign State" (11th Amendment of the United States Constitution.)

41.    Claimant asserts that the language within this pleading, Defendant's foreclosure complaint, and the denial of Claimant's due-process of law rights meets the criteria of Civil Rights violations by the Defendant and the state court.

42.    Therefore, the final judgment granted to the Defendant in the state court is moot and which in turn have causes a chain reaction of legality and jurisdiction in that case.

43.    Defendant MUST rebut ANY and ALL ALLEGATIONS and/or CLAIM S with specificity, quoting facts and laws; or Defendant thereby stipulates Defendant agree with Claimant's ALLEGATIONS and/or CLAIMS; and Defendant forever forsake arguing against Claim ant's allegations and/or claims in any court.   Merely denying

Claimant's allegations and/or claims are not sufficient to survive a Motion for Summary judgment against Defendant.

44. "A void adjudication has no legal or binding effect; it does not impair, or create, rights; it is not entitled to enforcement, and is ordinarily no protection to those who seek to enforce it. All proceedings founded on such an adjudication are regarded as invalid, for a **void judgment** or decree is regarded as a nullity, as mere waste paper. The situation is the same as if there had been no adjudication."

45. In this case the Claimant is the injured party, the Defendant has clearly committed misrepresentation and fraud upon the State Court, and the State Court failed to uphold the Constitutional Oaths of Office. This case should have never been heard in the State Court because jurisdiction was never with the State Court.

46. Pursuant to F.R.CV.P. Rule 8(b)(6) and/or all allegations and/or claims made by Claimant in this instant matter, MUST be accepted as true by this Court unless said allegations and/or claims are rebutted with a preponderance of the evidence by Defendant. Any and all such avowries and/or averments presented by Defendants must be et hoc paratus est verificare and done under penalty of perjury.

## VIII.   Relief:

The State Court lacked subject matter jurisdiction to proceed with the foreclosure matter due to Defendant and its attorneys' misrepresentation of the truth.   The jurisdictional question can be raised at any time, in any court, and can never be time-barred. *Declaire v. Yohanan*,453 So. 2d 375 (Fla. 1984). A **void judgment** or decree is not entitled to the respect of a valid adjudication, and may be declared inoperative by any tribunal in which effect is sought to be given it.

**THEREFORE**, Plaintiff moves this Court for judgment against the Defendant as follows:

1. This Court enters an Order nullifying the 17th Judicial Circuit Court for Broward County Judgment and orders; and,

2. Defendant is ordered to remove any and all negative and derogatory comments and remarks made to the various credit reporting bureaus against the Claimant's credit rating; and,

9

3.  For punitive, emotional, and actually damages of $5,000,000.00 for the above violations; and,

4.  Any other and further relief that this Court deems just and proper.

## IX . Demand for Trial by Jury.

The Claimant hereby demands a trial by jury of all the Claimant's claims so triable.

## Conclusion

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Respectfully submitted,

_/s/  Sandra E. Castillo aka Sandra E. Alves_    7/15/16

Sandra E. Castillo, *pro se*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that I served a copy of the foregoing by U.S. Mail on this 14th day of July, 2016 to Plaintiff's attorney at:

> **Echevarria & Associates**
>
> 9119 Corporate Lake Drive
>
> Suite 300 P.O. Box 25018
>
> Tampa, Florida 33622-5018

Respectfully submitted,

_____   /s/   *Sandra E. Castillo aka Sandra E. Alves*

Sandra E. Castillo, *pro se*