UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-60975-BLOOM

HSBC USA, NATIONAL ASSOCIATION, *et al.*,

    Plaintiff,

v.

ARMINDO ALVES, *et al.*,

    Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant Sandra E. Castillo's ("Defendant") Motion to Vacate Remand Order, ECF No. [9]. On May 18, 2016, the Court entered an Order, ECF No. [6], remanding this matter to the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County because Defendant had not met her burden to properly allege subject matter jurisdiction.

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To establish original jurisdiction, a lawsuit must satisfy the jurisdictional prerequisites of either federal question jurisdiction pursuant to 28 U.S.C. § 1331 or diversity jurisdiction pursuant to 28 U.S.C. § 1332. In her Notice, Defendant did not set forth any allegation or factual claim regarding her co-Defendants' domicile or that of Plaintiff, a corporate bank. To confer jurisdiction on the Court, 28 U.S.C. § 1332 requires that all plaintiffs be citizens of different states from all defendants. *See Willis v. Westin Hotel Co.*, 651 F. Supp. 598, 601 (S.D.N.Y. 1986). A corporation is a citizen of the state in which it is incorporated and the state in which its principal place of business, or "nerve center," is located. *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

Plaintiff, HSBC USA, National Association, a corporation, therefore potentially has more than one state of citizenship. Defendant has not alleged any state of citizenship for Plaintiff (or her co-Defendants).

The Eleventh Circuit has held that "[i]f a party fails to specifically allege citizenship in their notice of removal, the district court should allow that party 'to cure the omission,' as authorized by § 1653." *Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297 (11th Cir. 2009) (citing *D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.,* 608 F.2d 145, 146–47 (5th Cir. 1979)). Defendant was indeed provided the opportunity to "cure the omission" here, as indicated by the Court's May 6, 2016 Order. *See* ECF No. [5]. In that Order, the Court noted that Defendant's Notice had failed to properly allege the parties' complete diversity of citizenship and required her to file an amended notice satisfying her burden of showing the existence of diversity jurisdiction. Despite this opportunity to cure, Defendant failed to meet her burden to properly allege the parties' complete diversity of citizenship and the case was remanded.[1] *See* ECF No. [6]. Even in her Motion to Vacate, Defendant still fails to set forth the existence of subject matter jurisdiction.

In her Motion to Vacate, filed more than two months after this matter was remanded, Defendant requests the Court vacate its prior Order remanding this matter, noting that she failed to comply with this Court's Order because she was in the process of moving and did not have

---

[1] As noted in the Court's prior orders, Defendant has also failed to demonstrate that removal was timely under 28 U.S.C. § 1446(b). A notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Here, removal was likely procedurally improper because it appears Defendant filed the Notice of Removal more than thirty days after the filing and service of the Complaint. In fact, Defendant filed the Notice of Removal more than eight years after the Lis Pendens was filed in state court. *See* ECF No. [1-2] at 10. Although this procedural defect is insufficient for the Court to remand without waiting for a party's motion, *see Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009), it is a glaring procedural defect that the Court notes. Although Defendant appears to argue that the Court remanded the case due to the procedural defect of "un-timeliness," this was not the basis for remand.

Case No. 16-cv-60975-BLOOM

regular access to mail and therefore did not receive a copy of the Order. Local Rule 11.1(g), however, provides that it is the responsibility of each party, including *pro se* litigants, to maintain current contact information with the Clerk of the Court. The Rule further states that "a party appearing *pro se* shall conventionally file a Notice of Current Address with updated contact information within seven (7) days of a change" and that "failure to comply shall not constitute grounds for relief from deadlines imposed by Rule or by the Court." S.D. Fla. L.R. 11.1(g). Defendant has not fulfilled her responsibility to maintain current contact information with the Court and her failure to do so does not constitute grounds for relief from this Court's Order requiring Defendant to file an updated notice establishing jurisdiction. Accordingly, is it **ORDERED AND ADJUDGED** that Defendant's Motion to Vacate, ECF No. [9], is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 4th day of August, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

Sandra E Castillo, *pro se*
1314 East Las Olas Blvd.
Suite 1210
Ft Lauderdale, FL 33301